*Edward Beverstock*, for plaintiff.

*James O. Troup* and *F. P. Riegle*, for defendants.

## TITLE BY ADVERSE POSSESSION.

[Circuit Court of Fairfield County.]

CHARLES W. McCLEERY v. HENRY F. ALTON.

Decided, September 21, 1906.

*Adverse Possession—Evidence as to Line of Old Fence—And of the True Dividing Line—Injunction against Maintainance of a Structure—Will Not Lie, When—Ripening of Rights Through the Erection of a Permanent Structure Without Protest—Title—Evidence.*

1. In the absence of a license which precludes the possibility of a claim of adverse possession, or the execution of an agreement in accordance with law granting the right of occupancy for a fixed period, the placing of a permanent structure on the land of another constitutes adverse and hostile possession under which title may be claimed after twenty-one years.

2. Moreover, if the trespasser is permitted to expend a large sum of money in the erection of a permanent building without protest from the owner of the land, or any attempt by the owner to assert his rights for a long period, equity will not favor a late assertion of such stale rights by injunction, but will leave the parties to their remedy at law, or if estoppel is pleaded will lean favorably toward such a defense.

3. The right to maintain the projection of the eaves of a building over the land of another becomes absolute at the end of twenty-one year, equally with the right to maintain a foundation or super-structure.

DONAHUE, J.; TAGGART, J., concurs.

This case comes into this court on appeal; and the petition and answer thereto simply raises the question as to the location of the old fence between the lots of plaintiff and defendant. The cross-petition of defendant, however, raises the question as to the true line between these properties, at least as to that portion thereof corresponding to the length of the kitchen on plaintiff's premises. Upon this cross-petition it is sufficient to say that the evidence without conflict shows that this building has been erected for more than twenty-one years prior to the commencement of this action. A building of a permanent structure upon another man's real estate is an adverse and hostile possession, unless it be shown that it was under a contract and agreement executed under the laws of our state by which the right to do so was granted for a certain definite time, or by mere license that precludes the possibility of claim of adverse possession. So that upon this cross-petition the defendant must fail without reference to where the true lot line is. Indeed, it is not necessary that a structure of this kind should occupy for twenty-one years in order that a court of equity would refuse to interfere by injunction compelling its removal. For if the owner of a lot permits his neighbor to expend large sums of money in the erection of permanent buildings upon his property without protest or warning of any kind whatever, or without taking early and prompt action to assert his rights, equity will not favor a late assertion of such stale rights and will leave the parties to their remedy at law, or where estoppel is pleaded will lean favorably to such defense.

In this case, however, no such defense is interposed. The defense is placed solely upon occupancy for twenty-one years which at law or equity is a good and sufficient defense. So that upon this branch of the case the court has little difficulty.

Coming now to the principal issue joined between these parties, that is as to the location of the old fence, the matter is not as easily settled, nor are we so certain in our conclusions, for there is a mass of conflicting evidence here that is hard to reconcile.

It is insisted in argument that even if the old fence were where plaintiff claims it was that the mere occupancy of the property up to that line by plaintiff or his tenants without claim of right would not prevent the placing of the fence at this time on the true line.   In other words, that the possession must be adverse, exclusive and hostile and under claim of right, but we do not find that issue made in the pleadings.   The answer of the defendant insists that he is the owner of that property, not only because it is the true lot line where the fence now stands, but because he and his predecessors in title have used and occupied it up to that place, for more than twenty-one years, to-wit, about forty years.   Nor does he deny that the plaintiff used and occupied it on the other side of the fence up to where it stood prior to the change, for an equal number of years.   In fact both parties rest their contention upon their conflicting claims as to the location of the former fence.    The evidence offered by plaintiff is clear, positive and convincing that the end of the fence at the southwest corner of the kitchen was at least fourteen inches to the west of its present construction.    From that point to the rear of the lot the evidence is not so satisfactory. It is true that there is evidence by the defense disputing this location at the north end of this fence, but the majority of plaintiff's    witnesses    have    more    recent    acquaintance    with this fence and their memory therefore ought to be better.   True, some of the witnesses who built this fence say that they knew at the time that it was placed exactly upon the location of the old fence.   That is very strong proof and but for some circumstances we would not say that the plaintiff had furnished any preponderance of evidence upon this point.

The first important circumstance to our minds is found in the evidence of Mr. Nixon, who says that at the time this fence was being erected, he called defendant's atttention to the fact that it was not being placed on the line of the old fence, as he had agreed to place it, and the defendant then insisted that he was putting it on the true line as established by the Wolfe survey, and at that time made no claim whatever that he was putting it on the line of the old fence.   If he thought he was putting it on the line of the old fence, then was his time to make such

contention. Again, when Mr. McCleery came upon the premises he made the same complaint that Nixon had made to defendant, that is, that it was not being placed on the line of the old fence, and again defendant failed to make any claim that it was being so placed, but insisted to him that he was putting it on the true line as established by the Wolfe survey, and that he had the right to place it on the true lot line. This evidence is undisputed and to our minds it is of controlling effect, for that was the time that the evidence of the location of the old fence existed, and that was the time for the defendant to make the claim upon which he relied. So we are forced to the conclusion that he then relied upon the true line and not upon the belief that he was establishing it on the line of the old fence.

And there is another circumstance of material aid; and that is that the defendant volunteered to disturb and replace that portion of the old fence then existing without consultation with the owner of the other lot, or without there being any duty or obligation resting upon him so to do, and if in doing this he did so obliterate the line of the old fence that witnesses now disagree as to its exact location, justice and equity require that any doubt shall be resolved against him, for he is the responsible party in destroying the evidence upon which the court might have reached absolutely correct conclusion as to the exact location of this fence.

On the other hand the defendant has offered some strong evidence as to the location of the old fence adjacent to his factory. We have taken the trouble to go upon the premises and examine what the defendant says is a remnant of an old post on the line of the old fence, and also some holes that would indicate that they were some post holes of this old fence, and undoubtedly there is much weight in his claim that this remnant of the old post was a part of the old fence, and that the only difference now is that the boards are nailed upon the opposite side of the post; but even conceding that to be the fact he had no right to go upon plaintiff's premises to erect such a fence, but if he determined to erect that fence on his own responsibility, he must put it wholly upon his own premises. It is only where parties agree to a partition fence and join in its construction,

that it may be placed half and half upon the property of each.

There is also some pretty strong evidence offered in this case that the east side or end of the factory is now further to the west than the same side of the old factory, but from the transcript of the evidence taken in the common pleas court in this case it does appear that defendant testified positively that these lines were identical and that the new factory extended to the east side just as far as the old, and that being true it clearly appears that the old fence was not the same distance east of the old factory that the present fence is east of the new. We are inclined, however, to believe that this new factory is probably a few inches west of the east line of the old. We can not understand how it could be constructed in the manner it was constructed without at least getting a few inches to the west, but upon the whole evidence, we think that the distance is very trifling and not more than two or three inches at best.

Upon the whole contention, therefore, we have reached the conclusion that a very small portion of the projecting eave at the southwest corner of the kitchen projects over defendant's land, but that as we have already said, he is entitled to continue and maintain, because of the fact that he has already occupied that space with this building for more than twenty-one years, and the right to maintain the projection becomes absolute, equally with the right to maintain a foundation or the rest of the superstructure.

We further think that the old fence throughout its entire length was fully fourteen inches to the west of its present location, and that the same finding and judgment may be entered here as was entered in the common pleas court.

The motion of the defendant for a new trial will be overruled and twenty days given for a separate finding of fact and conclusions of law and the statutory time for the filing of a bill of exceptions. Exceptions of defendant are noted as to each and every finding and ruling of this court herein and cause remanded to the common pleas court for execution.

*M. A. Daugherty* and *F. M. Acton,* for plaintiff.

*William Davidson* and *W. T. McClenaghan,* for defendant.